## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

NANCY NEWBURY, et al.,                    :
              Plaintiffs,        :
                        :
            v.                    :        C.A. No. 24-85WES
                        :
CHURCH COMMUNITY HOUSING        :
CORP, INC, et al.,                          :
              Defendants.        :

### REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On February 29, 2024, *Pro se* Plaintiffs Nancy Newbury and Mark Hastings, joined by *pro se* Plaintiff Marcia Ducharme in 24-cv-85 only, filed two lawsuits, captioned as below,[1] alleging that they are elderly residents of a housing development in Middletown, Rhode Island, known as West House I. West House I is owned by Defendant Church Community Housing Corporation, Inc. ("CCHC") and is classified as subsidized "Section 202" property for elderly aged 62 and above by the United States Department of Housing and Urban Development ("HUD"). As Defendants in this case, Plaintiffs have named CCHC, alleged to be a Rhode Island corporation based in Newport, Rhode Island; its Executive Director, Christian Belden, alleged to be a Rhode Island resident; John Byrne, the senior housing manager of Phoenix Property Management,[2] alleged to be a Rhode Island resident; and two individuals alleged to be associated with HUD and sued in their official capacity only: Peter Aser, alleged to be based in

---

[1] This case is <u>Nancy Newbury, Mark Hastings, and Marcia Ducharme v. Church Community Housing Corp., Inc., et al.</u>, C.A. No. 24-00085-WES-PAS ("24-cv-85"). The other case is <u>Nancy Newbury and Mark Hastings v. U.S. Department of Housing and Urban Development (HUD), et al.</u>, C.A. No. 24-00084-WES-PAS ("24-cv-84").

[2] Phoenix Property Management is alleged to be the "West House management company's senior property manager." ECF No. 1 at 8.

the Providence, Rhode Island, office of HUD, and William Morales, alleged to be based in the Boston, Massachusetts, office of HUD.

## I.     Background

According to both pleadings, HUD has approved a Plan presented by CCHC to build a second elderly housing unit adjacent to West House I, called West House II.  ECF No. 1 at 8; 24-cv-84 (ECF No. 1 at 7).   However, unlike West House I, the new units are for persons who are 55 and older, who may be disabled and may have children; pursuant to the Plan, the new tenants in West House II will be given keys to access the common rooms in West House I.  ECF No. 1 at 8; 24-cv-84 (ECF Nos. 1 at 7; 3 at 2).  Plaintiffs believe that these tenants may be drug addicted, inclined to criminal conduct and obstreperous and that the Plan creates a threat to the safety and wellbeing of the elderly persons who now reside in West House I, depriving them of the peaceful enjoyment of their homes and their ability to age in place with dignity.  ECF No. 1 at 8.  In 24-cv-84, Plaintiffs allege that this Plan amounts to a housing policy that is required by federal law to be approved through the Administrative Procedures Act ("APA"), which was not done; Plaintiffs are suing to enjoin HUD from permitting the construction of West House II to proceed. 24-cv-84 (ECF No. 3 at 11-16).  In this case, 24-cv-85, Plaintiffs rely on state law, alleging that, during the course of the approval process for the Plan, Defendants named in 24-cv-85 have injured Plaintiffs' reputations by committing the state law tort of malicious defamation based on the publication of lies and false light accusations.  ECF No. 1 at 8-9.

## II.     Standard of Review, Applicable Law and Analysis

Accompanying the 24-cv-85 complaint, Plaintiffs have filed motions for leave to proceed *in forma pauperis* ("IFP"), each of which has been referred to me.  ECF Nos. 2, 2-1, 2-2.  In light of the IFP motions, the Court is directed to preliminarily screen the pleading pursuant to 28

U.S.C. § 1915(e)(2)(B).[3]  To survive screening, analogous to surviving a motion to dismiss, a complaint must contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  At screening, the Court must take all the allegations in these complaints as true and draw all reasonable inferences in Plaintiffs' favor.  See Smith v. Roger Williams Univ. L. Sch., Case No. 21-cv-133-PJB-AKJ, 2022 WL 2387632, at *1 (D.R.I. Feb. 16, 2022).  Further, when (as here) the filers are acting *pro se* the Court must liberally review the allegations and legal claims.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

    When a legal defect such as the lack of subject matter jurisdiction is obvious on the face of a complaint, the Court must dismiss the matter at screening under § 1915.  Randall v. Brosco, C.A. No. 18-69WES, 2018 WL 3133427, at *2 (D.R.I. March 19, 2018), adopted, 2018 WL 3128988 (D.R.I. June 26, 2018); Thomas v. Funes Towing, LLC, No. CA 15-085 ML, 2015 WL 1538009, at *2 (D.R.I. Apr. 7, 2015).  Such dismissal is consistent with the fundamental principle that a "court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."  Flaquer v. Bevilacqua, No. C.A. 08-95ML, 2008 WL 2018182, at *2 (D.R.I. May 7, 2008).  When all of the claims in a complaint are derived only from state law, the only possible basis for federal court subject matter jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Velasquez v. Marte, C.A. No. 22-74WES, 2022 WL 613279, at *1-2 (D.R.I. Mar. 2, 2022), adopted by Text Order (D.R.I. Mar. 14, 2022), aff'd, No. 22-1214, 2022 WL 4360946 (1st Cir. June 7, 2022).  If a pleading unambiguously asserts only state law claims and at least one plaintiff and one defendant are citizens of Rhode Island, diversity jurisdiction is lacking, and the case should summarily be

---

[3] The screening of the other case, 24-cv-84, is reflected in a Memorandum and Order issuing in that case today.  It finds that the federal law claims in that case are sufficient to survive screening.

dismissed.  Id. (dismissing for lack of subject matter jurisdiction at screening state law complaint by tenant against landlord).

I recommend that this case be summarily dismissed because the Court lacks subject matter jurisdiction; I further recommend that the pending IFP motions and the pending motion for joinder of claims (also referred to me) be denied as moot.  See Gates v. Amundsen, No. 2:20-cv-00487-NT, 2021 WL 139477, at *1-2 (D. Me. Jan. 14, 2021) (dismissal at screening because "federal courts are courts of limited jurisdiction") (quoting Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019)).  Having liberally reviewed Plaintiffs' allegations and legal claims since they have been put forth by pro se litigants, it is clear that Plaintiffs are asserting only a state law claim (malicious defamation) and that diversity of citizenship pursuant to 28 U.S.C. § 1332(a) is absent in that all three Plaintiffs and at least three of the named defendants (CCHC, Mr. Belden and Mr. Byrne) are alleged to be citizens of Rhode Island.[4]  See Ulbin v. FedEx Ship Center, C.A. No. 23-508WES, 2023 WL 9002645, at *1-2 (D.R.I. Dec. 28, 2023), adopted, 2024 WL 165173 (D.R.I. Jan. 16, 2024).

## III.    Conclusion

Based on the foregoing, I recommend that this case be summarily dismissed because the Court lacks subject matter jurisdiction.  If this recommendation is adopted, I also recommend that the pending IFP applications and the pending motion for joinder of claims be denied as moot.  Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and

---

[4] The Court assumes without deciding that the complaint meets the other requirement for diversity jurisdiction in 28 U.S.C. § 1332(a), that the amount in controversy must exceed $75,000.  See Flaquer, 2008 WL 2018182, at *2 (to avoid summary dismissal of complaint based only on state law claims, all requirements for federal jurisdiction based on diversity of citizenship must be met, including requirement of more than $75,000 in controversy).  With non-diverse parties, there is no need for the Court to examine the amount-in-controversy element of diversity jurisdiction.

recommendation.  <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  <u>See</u> <u>Brenner v. Williams-Sonoma, Inc.</u>, 867 F.3d 294, 297 n.7 (1st Cir. 2017); <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).


<u>/s/ Patricia A. Sullivan</u>
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 12, 2024